# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYREE WALLACE**, | : | CIVIL ACTION NO. 1:10-CV-0948 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **JANE DOE, , et al.**, | : | |
| **Defendants** | : | |

## MEMORANDUM

Tyree Wallace ("Wallace"), a Pennsylvania state inmate, initiated this civil rights action pursuant to 42 U.S.C. § 1983, alleging that his Eighth Amendment rights were violated while incarcerated at the State Correctional Institution at Huntingdon, Pennsylvania ("SCI-Huntingdon"). (Doc. 1.) Named as defendants are the following: Jane Doe, Medical Staff; Barbara Hollibaugh, Unit Manager; Mary Lou Showalter, Corrections Health Care Administrator, Dr. Klemick, Medical Director ("Klemick"); Scott Walters, Unit Manager; Jay Johnson, Counselor; Jane Doe, Plumbing Supervisor; and, Raymond W. Lawler, Superintendent. Presently pending is a motion to dismiss (Doc. 21) Wallace's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), filed on behalf of defendant Klemick. For the reasons set forth below, the motion will be denied in part and granted in part.

## I. Motion to Dismiss Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the

court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Ashcroft v. Iqbal, ---U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation" ); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Thus, courts should not dismiss a complaint for failure to state a claim if it contains "enough factual matter (taken as true) to suggest the required element. This does not impose a probability

requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556). Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

## II. **Allegations of the Complaint**[1]

Wallace alleges that in the summer of 2006, he was prescribed medication to prevent seizures. (Doc. 1, at 2.) On April 23, 2008, while in the pill line at SCI-Huntingdon, he inquired about having his seizure medication renewed and was informed that prescription renewal was handled during sick call. (Id. at 3.) The following day, he reported to sick call and was told that he needed to see the doctor. (Id.) An appointment with the doctor was scheduled for the following day, April 25, 2008. However, all appointments were cancelled on that date due to a prison shakedown. (Id. at 3.)

He suffered a seizure on April 28, 2008, which rendered him unconscious for approximately one hour and forty-five minutes. (Id. at 2, 3.) During that time, he

---

[1] In accordance with the standard of review for a motion to dismiss, the court will present the facts as alleged in the complaint. *See infra* Part I.

was laying on the floor against an uncovered radiator. (Id.) He suffered severe burns to his face, head, arm, and ear.

**III. Discussion**

    **A. Statute of Limitations**

Klemick first argues that "[Wallace's] bodily injury occurred on April 28, 2008[,] but he did not file his lawsuit until May 4, 2010, more than two (2) years after the date of his bodily injury, and his claims against [him] are therefore time barred." (Doc. 22, at 1.)

Federal civil rights statutes do not contain a specific statute of limitations for § 1983 actions. Therefore, the district court utilizes the appropriate state statute of limitations which governs personal injury actions. See Wallace v. Kato, 549 U.S. 384, 387-88 (2007); Wilson v. Garcia, 471 U.S. 261, 276 (1985); Urrutia v. Harrisburg Cnty. Police Dept., 91 F.3d 451, 457 n. 9 (3d Cir. 1996). Pennsylvania's applicable personal injury statute of limitations is two years. See 42 Pa. Cons. Stat. § 5524(7); Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993).

A cause of action accrues when a plaintiff knew or should have known he was harmed. See Garvin v. City of Phila., 354 F.3d 215 (3d Cir. 2003) (finding that a cause of action accrues when a plaintiff knew or should have known he was harmed. ; Sameric Corp. of Delaware, Inc. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998) (same). It is undisputed that Wallace's cause of action arose on April 28, 2008. It is also undisputed that the complaint was received in the Office of the Clerk of Court on May 4, 2010. Klemick contends that because Wallace did not file his

4

complaint until May 4, 2010, it is untimely and should be dismissed with prejudice. Wallace indicates that "the 1983 civil suit was given to officer (per policy) and placed in the mailbox April 25th 2010. The jail stamped the suit on April 28th 2010." (Doc. 28, at 1.)

Because Wallace is a prisoner, acting *pro se*, he must be given the benefit of the prison mailbox rule which provides that an inmate's pleadings are deemed filed at the moment he delivers the documents to prison officials to be mailed, not the date the documents were received by the court. See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (explaining that the date of filing is the date on which an inmate deposits the petition in the prison mail system.); Longenette v. Krusing, 322 F.3d 758 (3d Cir. 2003); Burns v. Morton, 134 F.3d 109, 113 (3d Cir.1998) (prison mailbox rule provides that "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court."). "Given the 'evidentiary difficulty in determining when a prisoner relinquishes control of the complaint to prison personnel' this date is presumed to be the date plaintiff gave the notice to prison officials to be mailed." Crooker v. Wachovia Bank, 2010 WL 1996377 (E.D. Pa. May 13, 2010) (quoting Taylor v. Naylor, 2006 WL 1134940, *3 (W.D.Pa. 2006). See also West v. Lockett, 2009 WL 1270225, at *4 n. 2 (W.D. Pa. May 6, 2009) (stating that "[a]bsent proof of the exact date of delivering the . . . petition to the prison authorities, the court will presume the date whereon Plaintiff signed his . . . petition is the date he gave the prison authorities his . . . petition for mailing."); Hodge v. Klopotoski, 2009 WL 3572262, at *15 (W.D. Pa. Oct.26, 2009) (finding that

5

"[i]n the absence of contrary evidence, a court will typically assume that a prisoner presented his or her petition to prison authorities for filing the same date that he or she signed it."). However, the prison mailbox rule only creates a presumption, which may be overcome in the appropriate circumstances.

Wallace signed his complaint on April 23, 2010, and represents that he delivered it to prison officials for filing on April 25, 2008. Consequently, it is presumed filed as of April 25, 2008. Klemick offers nothing that would rebut this presumption. Therefore, the motion to dismiss the complaint as barred by the statute of limitation is denied.

### B. Administrative Exhaustion

The Prison Litigation Reform Act (PLRA) requires prisoners to present their claims through an administrative grievance process before seeking redress in federal court. The act specifically provides as follow:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a). Prisoners must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be gained through the grievance process. See Porter v. Nussle, 534 U.S. 516, 532 (2002); Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001). "[I]t is beyond the power . . . of any . . . [court] to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."

Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (quoting Beeson v. Fishkill Corr. Facility, 28 F. Supp. 2d 884, 894-95 (S.D.N.Y. 1998) (citing Weinberger v. Salfi, 422 U.S. 749, 766 (1975)). The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." Nyhuis, 204 F.3d at 71. The PLRA also mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Such requirements "eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" Id. at 93 (quoting Nussle, 534 U.S. at 525)).

The DOC maintains a grievance system which offers a three-phase review procedure. See DC-ADM 804.[2] An inmate who has a concern that he is unable to resolve may submit a grievance to the grievance coordinator within fifteen days of the date of the events giving rise to the grievance. (DC-ADM 804, § VI, A.) Within ten working days, the grievance coordinator transmits a decision to the inmate. (DC-ADM 804 § VI. B. 7.) If the inmate is dissatisfied with the disposition of the grievance, he may, within ten days of the grievance coordinator's decision, appeal

---

[2]The DOC web address containing the grievance policy is located at http://www.cor.state.pa.us.

to the Facility Manager/Superintendent, who must provide a decision within another ten working days, (DC-ADM 804, § VI.C.1.) Finally, an inmate may submit an appeal to the Secretary's Office of Inmate Grievances and Appeals within fifteen working days of the decision of the Facility Manager/Superintendent, and the Secretary's Office has thirty days in which to issue a decision. (DC-ADM 804 § V1.D.1.)

Klemick seeks to dismiss the complaint based on Wallace's failure to fully exhaust the administrative claim process. According to Constance Green, the Grievance Coordinator at SCI-Huntingdon, the only relevant grievance was filed by Wallace on May 15, 2008. (Doc. 21-4, Verification of Constance Green ("Green Verification), at ¶¶ 3, 8; Exh. A.) Therein, he complained about the inadequate medical care he was receiving for the burns on his face and the inconsistent administration of his seizure medication. (Doc. 21-4, Green Verification, at 6.) The grievance was denied. (Id. at ¶ 8.) Thereafter, no appeal was taken. (Id.) Consequently, Wallace failed to exhaust with respect to this grievance.

Wallace argues that he also filed a grievance on May 7, 2008, and that he received notice that his final appeal was received by the Secretary's Office of Inmate Grievances & Appeals on November 5, 2008. (Doc. 28, at. 1; Doc. 45, at 4; Doc. 48-1.) He represents that, in this grievance, he "stated medical (Klemick) did not follow outside doctors instructions, did not administer medication, because my prescription ran out, and knew of my seizure history but still housed me in an unsafe environment." (Doc. 45, at 1.) Review of the grievance reveals otherwise.

8

Specifically, in the May 7, 2008 grievance, he complains of not being returned to his former housing block, indicates that he will be seeking surgery to return his face to normal, and will also seek compensation for pain and suffering as a result of the injuries he received. Nowhere in the grievance does he address the alleged denial of adequate medical care by defendant Klemick or any other defendant. Consequently, he has failed to exhaust the administrative review process.

Failure to exhaust administrative remedies in accordance with the prison's requirements constitutes procedural default barring a subsequent civil claim in federal court. Woodford, 548 U.S. 81. Klemick's motion to dismiss the complaint for failure to exhaust administrative remedies will be granted.

    **C.**     **Supplemental Jurisdiction**

Wallace also includes state law claims in his complaint. The court declines to exercise supplemental jurisdiction over the pendent state law claims brought against defendant Klemick. 28 U.S.C. § 1367(c)(3). They will be dismissed without prejudice to any right plaintiff may have to pursue them in state court. In so holding, the court expresses no opinion as to the merits of any such claims.

**IV.**     **Conclusion**

Based on the foregoing, Klemick's motion to dismiss (Doc. 21) will be denied with respect to defendant's argument that the complaint was not filed within the applicable statute of limitation, but granted based on Wallace's failure to exhaust

the administrative claim process.[3]  Further, the court will decline to exercise supplemental jurisdiction over the state law claims lodged against defendant Klemick.

An appropriate order follows.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge

Dated:       January 12, 2011

---

[3] Because Wallace's failure to exhaust is dispositive of the complaint against Klemick, the court does not reach the alternative arguments.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| TYREE WALLACE, | : | CIVIL ACTION NO. 1:10-CV-0948 |
|---|---|---|
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| JANE DOE, , et al., | : | |
| Defendants | : | |

## ORDER

AND NOW, this 12th day of January, 2011, upon consideration of defendant Klemick's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 21), and in accordance with the forgoing memorandum, it is hereby ORDERED that:

1. The motion (Doc. 21) is DENIED IN PART and GRANTED IN PART.

2. The motion is DENIED with respect to defendant's argument that the complaint was not filed within the applicable statute of limitation.

3. The motion is GRANTED with respect to plaintiff's failure to exhaust the administrative claim process and the court DECLINES to exercise supplemental jurisdiction over the state law claims lodged against defendant Klemick.

4. The complaint against defendant Klemick is DISMISSED IN ITS ENTIRETY.

5. The Clerk of Court is directed to TERMINATE Klemick as a defendant.

    S/ Christopher C. Conner
    CHRISTOPHER C. CONNER
    United States District Judge