IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYREE WALLACE**, | : | CIVIL ACTION NO. 1:10-CV-0948 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **JANE DOE, et al.**, | : | |
| Defendants | : | |

## **MEMORANDUM**

Tyree Wallace ("Wallace" or "plaintiff"), a Pennsylvania state inmate, initiated this civil rights action pursuant to 42 U.S.C. § 1983, alleging that his Eighth Amendment rights were violated while incarcerated at the State Correctional Institution at Huntingdon, Pennsylvania ("SCI-Huntingdon"). (Doc. 1.) Named as defendants are the following: Jane Doe, Medical Staff; Barbara Hollibaugh ("Hollibaugh"), Unit Manager; Mary Lou Showalter ("Showalter"), Corrections Health Care Administrator; Scott Walters ("Walters"), Unit Manager; Jay Johnson ("Johnson"), Counselor; Jane Doe, Plumbing Supervisor; and, Raymond W. Lawler ("Lawler"), Superintendent. Presently pending is defendants' motion for summary judgment (Doc. 39) pursuant to Federal Rule of Civil Procedure 56. For the reasons set forth below, the motion will be granted in part and denied in part.

### **I.   Standard of Review**

Under Rule 56 of the Federal Rules of Civil Procedure, the movant is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R.

CIV. P. 56(a).[1]  In pertinent part, parties moving for, or opposing, summary judgment must support their position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1)(A).  "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Colwell v. Rite-Aid Corp., 602 F.3d 495, 501 (3d Cir. 2010) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).

## II.    Statement of Facts

While housed on E-Block at SCI-Huntingdon, Wallace allegedly suffered a seizure on either April 28, 2008 (Doc. 1, at 2), or April 29, 2008 (Doc. 42, at 6; Doc. 55 at 4), which rendered him unconscious for approximately one hour and forty-five minutes.  (Doc. 1 at 2, 3.)  During that time, he was lying on the floor against an uncovered radiator.  (Id.)  He suffered severe burns to his face, head, arm, and ear.

---

[1]Rule 56 was revised by amendment effective December 1, 2010.  The revisions are "to improve the procedures for presenting and deciding summary-judgment motions and to make the procedures more consistent with those already used in many courts." Rule 56 advisory committee notes.  "The standard for granting summary judgment remains unchanged," and "[t]he amendments will not affect continuing development of the decisional law construing and applying these phrases." Id.  The post-2010 Amendment Rule 56 provisions will be applied in the matter *sub judice*, as the Supreme Court has directed that the 2010 Amendments are to be retroactively applied.  See Order of the Supreme Court of the United States accompanying Letters from Chief Justice John G. Roberts, Jr., to Speaker of the House Nancy Pelosi and President of the Senate Joseph R. Biden, Jr. (Apr. 28, 2010).

On May 7, 2008, Wallace filed grievance no. 228321.  Therein, he states that while he was housed on E-Block on April 29, 2008, he suffered a seizure "which led to [him] falling out, and severely burning [his] face and head on the radiator" causing him a tremendous amount of pain.  (Doc. 42 at 6; Doc. 55 at 4.)  He complains that on numerous occasions, the institution has ignored inmates' complaints of being burned on the radiator and, as a result, failed to protect him from the known threat of an uncovered radiator.  (Id.)  He further complains of punishment in the form of not being allowed to move back to E-Block.  (Id.)  Finally, he requests that surgery be performed to return his face to normal.  (Id.)

In grievance no. 228321, Wallace does not name Hollibaugh, Showalter, Walters, Johnson, Lawler, or either of the Jane Doe defendants.  However, he makes reference to "the institution."  On June 6, 2008, his grievance was denied.  (Doc. 42, at 8; Doc. 55, at 6.)  It is undisputed that he appealed the grievance to final review.  (Doc. 42, at 9-14; Doc. 55, at 7-12.)

## III.  Discussion

The Prison Litigation Reform Act (PLRA) requires prisoners to present their claims through an administrative grievance process before seeking redress in federal court.  The act specifically provides as follow:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a).  Prisoners must exhaust administrative remedies as to any claim that arises in the prison setting, regardless of any limitations on the kind of relief that may be gained through the grievance process.  See Porter v. Nussle, 534 U.S. 516, 532 (2002); Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001).  "[I]t is beyond the power . . . of any . . . [court] to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."  Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (quoting Beeson v. Fishkill Corr. Facility, 28 F. Supp. 2d 884, 894-95 (S.D.N.Y. 1998) (citing Weinberger v. Salfi, 422 U.S. 749, 766 (1975)).  The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement."  Nyhuis, 204 F.3d at 71.  The PLRA also mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court.  Woodford v. Ngo, 548 U.S. 81, 93 (2006).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  Id. at 90-91.  Such requirements "eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'"  Id. at 93 (quoting Nussle, 534 U.S. at 525)).

The DOC maintains a grievance system which offers a three-phase review procedure.  See DC-ADM 804.[2]  An inmate who has a concern that he is unable to resolve may submit a grievance to the grievance coordinator within fifteen working days of the date of the events giving rise to the grievance. (DC-ADM 804, Section 1 A. 13.)  Within fifteen working days, the grievance coordinator transmits a decision to the inmate.  (DC-ADM 804, Section 1 B. 9.)  If the inmate is dissatisfied with the disposition of the grievance, he may, within fifteen working days of the grievance coordinator's decision, appeal to the Facility Manager, who must provide a decision within another ten working days, (DC-ADM 804, Section 2 A. 1(a); Section 2 A.2(d))  Finally, an inmate may submit an appeal to the Secretary's Office of Inmate Grievances and Appeals within fifteen working days of the decision of the Facility Manager/Superintendent, and the Secretary's Office has thirty days in which to issue a decision. (DC-ADM 804 Section 2 B. 1(b); Section 2 B.2(a)( 1).

Defendants seek an entry of judgment based on Wallace's failure to fully exhaust the administrative claim process.  As noted by defendants, by prior Memorandum and Order, dated January 12, 2011, it was concluded that Wallace failed to grieve the issue of the alleged denial of adequate medical care with respect to former defendant Klemick or any other defendant.  (Doc. 53, at 9.)  Consequently, defendants' motion will be granted with respect to defendants "Jane Doe, Medical Staff" and Mary Lou Showalter, Corrections Health Care Administrator.

---

[2]DOC policies are located at http://www.cor.state.pa.us/portal/server.pt/

Conversely, the motion will be denied on the failure to protect claim. In the grievance, he claims the injuries sustained during the seizure were greatly increased by landing on an unprotected radiator. Further, he unequivocally stated that past complaints of being burned on the radiators were ignored by "the institution" and, as a result, "the institution" failed to protect him from the known threat of an uncovered radiator. The Court deems reference to "the institution" adequate in the context of exhaustion.

## VI.   Conclusion

Based on the foregoing, defendants' motion for summary judgment (Doc. 39) will be granted with respect to the argument that Wallace failed to exhaust the administrative review process on the issue of inadequate medical care. As concerns the issue that he failed to administratively exhaust his failure to protect claim, the motion will be denied.

An appropriate order follows.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:     June 17, 2011

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYREE WALLACE**, | : | CIVIL ACTION NO. 1:10-CV-0948 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **JANE DOE, et al.**, | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 17th day of June, 2011, upon consideration of defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (Doc. 39), and in accordance with the forgoing memorandum, it is hereby ORDERED that:

1. The motion (Doc. 39) is GRANTED IN PART and DENIED IN PART.

2. The motion is GRANTED with respect to the inadequate medical care claim lodged against defendants "Jane Doe, Medical" and Showalter based on plaintiff's failure to exhaust the administrative review process. The Clerk of Court is directed to TERMINATE defendants "Jane Doe, Medical" and Showalter. Entry of Judgment will be DEFERRED pending final disposition of this matter.

3. The motion is DENIED with respect to remaining defendants Hollibaugh, Walters, Johnson, "Jane Doe, Plumbing Supervisor," and Lawler as plaintiff has administratively exhausted the failure to protect claim against these defendants.

4. The stay (Doc. 47) regarding discovery is hereby LIFTED.

5. Defendants are permitted to depose plaintiff *via* video conference at a time acceptable to prison officials at SCI-Huntingdon or any other institution where plaintiff is housed.

6. The pre-trial schedule shall be as follows:

   a. Discovery shall be completed on or before August 19, 2011.

   b. Plaintiff shall IDENTIFY "Jane Doe, Plumbing Supervisor" on or before August 19, 2011.  Failure to do so will result in this defendant being dismissed.

   c. Dispositive motions shall be filed on or before September 19, 2011.

   d. Scheduling of a final pre-trial conference and the trial date of this matter is deferred pending resolution of dispositive motions.

   e. Any motions or briefs filed after the expiration of the applicable deadline without prior leave of court shall be stricken from the record.

   f. No extensions of the pre-trial schedule shall be granted absent good cause. See FED. R. CIV. P. 16(b).


                                         S/ Christopher C. Conner
                                         CHRISTOPHER C. CONNER
                                         United States District Judge